Alfred **BLAKE**, Plaintiff-Appellee,

v.

**PORT EVERGLADES TOWING COMPANY, Ltd., Defendant,**

and

**United States of America, Defendant-Appellant.**

No. 28568

**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

April 13, 1970.

---

William A. Meadows, Jr., U. S. Atty., Miami, Fla., Robert V. Zener, Robert M. Heier, Attys., U. S. Dept. of Justice Washington, D. C., for defendant-appellant.

William M. Alper, Alan R. Schwartz, Miami, Fla., for plaintiff-appellee.

Morton Good, Miami, Fla., for other interested parties.

Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.

PER CURIAM:

 Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the Clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir. 1969, 409 F. 2d 804, Part I; and Huth v. Southern Pacific Company, 5 Cir. 1969, 417 F.2d 526, Part I [1969].

This is an appeal by the United States from a judgment of the district court awarding the appellee, Alfred Blake, a seaman, damages for injuries suffered during the course of his employment. The action was originally instituted in admiralty by Blake against his employer, Port Everglades Towing Company, and against the United States under the Public Vessels Act, Title 46, U.S.C., Section 781 et seq. Blake was injured when his left hand was caught between a mooring line and shackle during the unmooring of the U.S.S. DEWEY, a Navy destroyer. After trial, the district court exonerated Port Everglades but held the United States liable. On appeal, the government does not challenge the district court's finding as to liability but attempts to reduce the award of damages.

On the issue of damages, Blake claimed lost earnings, pain and suffering, and loss of earning capacity. The district court, sitting without a jury, awarded $5,000 (reduced by amended order from an original award of $7500) for pain and suffering, past and future; $2300 for past loss of earning capacity; and $7145.99 for future loss of earning capacity. The government urges that the trial court's finding of permanent disability was clearly erroneous and that the total award was erroneously computed and excessive.

We have carefully reviewed the record and conclude that the trial court's finding of permanent disability was not clearly erroneous. We also determine that the further contention that the monetary award was erroneously computed and speculative is without substance. It does not merit discussion here.

Affirmed.